UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GLEN BERNA, ) | 1:09-CV-00521 GSA HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| ) | [Doc. #11] |
| v. ) | |
| ) | ORDER DISMISSING PETITION AND |
| ) | DIRECTING CLERK OF COURT TO ENTER |
| M. MARTEL, ) | JUDGMENT |
| ) | |
| Respondent. ) | ORDER DECLINING ISSUANCE OF |
| ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on October 31, 2001, of sodomy, lewd and lascivious acts upon a child under 14 years of age, two counts of oral copulation, and sexual penetration. (Opinion at 2.[1]) On December 3, 2001, he was sentenced to serve an aggregate term of 16 years in state prison. (Opinion at 2.)

---

[1] "Opinion" refers to the July 25, 2003 decision of the California Court of Appeals, Fifth Appellate District, lodged by Respondent with his motion to dismiss.

1    Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District.
2 On July 25, 2003, the appellate court affirmed the judgment, but reduced the restitution amount.
3 (Opinion.)  Petitioner did not file a petition for review in the California Supreme Court.
4    Petitioner filed four post-conviction collateral challenges with respect to the judgment in the
5 state courts, all petitions for writ of habeas corpus, as follows:

6    1.   Kings County Superior Court
          Filed: May 22, 2006[2];
7         Denied: October 11, 2006;

8    2.   Kings County Superior Court
          Filed: February 7, 2007;
9         Denied: June 12, 2007;

10   3.   California Court of Appeals, Fifth Appellate District
          Filed: December 6, 2007;
11        Denied: December 24, 2007;

12   4.   California Supreme Court
          Filed: April 29, 2008;
13        Denied: January 28, 2009.

14 (See Documents lodged by Respondent.)
15    On March 19, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. On
16 June 11, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year
17 limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed his opposition to
18 Respondent's motion to dismiss on July 14, 2009. Respondent filed a reply on July 21, 2009.
19                                    **DISCUSSION**
20 A.  Procedural Grounds for Motion to Dismiss
21    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
22 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
23 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
24    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
25 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

---

[2]Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their receipt by the court clerk. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

1  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
2  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
3  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
4  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
5  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
6  should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

7      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
8  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
9  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
10 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
11 dismiss pursuant to its authority under Rule 4.

12 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

13     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
14 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
15 habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
16 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
17 586 (1997).

18     In this case, the petition was filed on March 19, 2009, and therefore, it is subject to the
19 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
20 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,
21 § 2244, subdivision (d) reads:

22     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
23     limitation period shall run from the latest of –

24         (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
25
        (B) the date on which the impediment to filing an application created by
26 State action in violation of the Constitution or laws of the United States is removed, if
    the applicant was prevented from filing by such State action;
27
        (C) the date on which the constitutional right asserted was initially recognized by
28     the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Court of Appeal affirmed the judgment on July 25, 2003. Petitioner did not file a petition for review. According to the Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality. Rule 24(a), 28(b), Cal.R.Ct. Thus, direct review concluded on September 3, 2003. Petitioner had one year until September 3, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until March 19, 2009, over four and one-half years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory

tolling. Id.

As stated above, the statute of limitations began to run on September 3, 2003, and expired on September 3, 2004. Petitioner filed his first state habeas petition on May 22, 2006, in the Kings County Superior Court. At that point, the limitations period had already expired. Therefore, the state habeas petitions had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). The instant petition is untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner argues he should be granted equitable tolling for several reasons: 1) He claims he hired a private attorney to prepare a petition for review to the California Supreme Court but the attorney failed to do so; 2) He claims he hired a private attorney to prepare a petition for writ of habeas corpus but the attorney did not timely do so; 3) Petitioner claims his appellate counsel needed additional time to uncover new evidence; and 4) He claims his trial counsel failed to obtain evidence.

As to Petitioner's claim that he had hired a private attorney to prepare a petition for review, his argument is not well-taken. First, Petitioner was informed by his appellate attorney that he was not contracted to prepare and file a petition for review. See Exhibit A, Opposition. He advised Petitioner that in his opinion a petition for review would prove fruitless; nevertheless, he left Petitioner with the option of pursuing such remedy. Id. The option was not pursued and Petitioner's

1  appellate attorney did not file the petition. In addition, the petition for review had no bearing on the
2  instant federal petition, because the claim of ineffective assistance of counsel presented in the federal
3  petition was not a potential claim in a petition for review. The ineffective assistance claim was not
4  raised on direct appeal to the appellate court; therefore, it could not be raised in a petition for review.
5  For this reason, Petitioner cannot demonstrate an extraordinary circumstance which barred him from
6  timely filing his federal petition. He also fails to establish that he was pursuing his rights diligently.

7       Petitioner also claims the appellate attorney failed to timely prepare a petition for writ of
8  habeas corpus. This claim also fails. Petitioner was not represented in his state habeas petitions;
9  counsel was only retained to assist Petitioner in acquiring evidence and preparing pleadings. See
10 Exhibit B, Opposition. Petitioner is not entitled to appointment of counsel in collateral proceedings.
11 Pennsylvania v. Finley, 481 U.S. 551, 556-557 (1987). Therefore, he cannot claim that counsel failed
12 to timely file his petitions. In addition, Petitioner does not allege that he relied on counsel's
13 computation of the statute of limitations. Thus, he has failed to demonstrate an extraordinary
14 circumstance stood in his way, and he fails to show he acted with diligence.

15      Petitioner also claims appellate counsel failed to timely acquire new evidence. However, as
16 pointed out by Respondent, appellate counsel is not tasked with acquiring new evidence to challenge
17 evidence at trial. Appellate counsel is only tasked with reviewing the record on appeal and
18 presenting a defendant's case on appeal to the best of his ability. Again, Petitioner fails to show an
19 extraordinary circumstance which prevented him from timely filing a federal petition.

20      Finally, Petitioner complains that his trial counsel failed to obtain evidence which would
21 have assisted his defense. This is essentially a federal claim for relief; it is not at all relevant to the
22 statute of limitations.

23      In sum, Petitioner fails to demonstrate that he has been pursuing his rights diligently, and that
24 some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Respondent's motion to
25 dismiss will be GRANTED.

26 E.  Certificate of Appealability

27      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
28 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

<u>El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3. The Clerk of the Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **July 27, 2009**         /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE